OPINION OF THE COURT
Leonard B. Austin, J.
Background
This is a consolidated action addressing the competing claims of the shareholders in Candlewood Holdings Inc. and the members of Peninsula Holdings, LLC.
By order to show cause granted on March 20, 2006, defendants Oded Goldberg (Goldberg) and Goldberg Commodities, Inc. sought to enjoin additional counterclaim defendant Ano, Inc. from voting Ano’s shares in Candlewood at Candlewood’s shareholder meeting and from preventing Goldberg from having an equal say in how Ano’s votes were cast at the shareholder meeting. Other relief which is not relevant to this matter was also sought.
After conferring with counsel, and pending further order, a temporary restraining order was granted staying the casting of Ano stock without Goldberg’s consent and staying the Candle-wood shareholder’s meeting.
On the motion, it became clear that the fundamental issue to be determined was the ownership of Ano stock. Thus, this court directed limited discovery on that question and set the matter down for hearing which has been ongoing.
Presently, all of the outstanding shares of Candlewood are held by Ano (200 shares) and Rosalie Moore (100 shares). The issue revolves around who owns and thereby controls Ano. Such control is crucial to control of Candlewood as well as the corporations it owns.
Thus far, the testimony during the hearing has focused on the competing claims of plaintiff Ari Yemini and Goldberg as to stock ownership in Ano. Essentially, Yemini claims that he is the sole owner of all shares of Candlewood. He has introduced various documents to support that claim. Goldberg claims that either he or his solely owned company, Goldberg Commodities, owns one half of the shares of Ano pursuant to various documents which recite such ownership.
With the competing claims and documents, the court has heard testimony of attorneys Steven Adler and Janet Stern (Yemini’s wife) who represented Ano, Candlewood, Goldberg *1143 and Yemini at various times; Yemini; and Alan Moore (Moore). Moore is the husband of Rosalie Moore and the president of Candlewood. Moore was called as a witness by Goldberg. He is now being cross-examined by counsel for Yemini.
During the cross-examination of Moore, counsel asked whether he had met with counsel for Goldberg prior to his testifying at this hearing. He responded that he had done so on at least four occasions. During three of those meetings, Mr. Moore met with counsel for Goldberg while Goldberg was present. Moore’s attorney was not there. At the fourth meeting, Moore’s attorney was present.
Counsel for Yemini asked Moore to detail the sum and substance of his conversations with Goldberg’s counsel and Goldberg. Counsel objected claiming that such conversations were subject to the “joint defense” or “common interest” privilege. The court reserved decision on that objection and suspended cross-examination in this regard until it had the opportunity to review the question.
Discussion
The “joint defense” or “common interest” privilege stands as an exception to the “traditional rule that the presence of a third party, not an agent or employee of counsel, at a communication between counsel and a client is sufficient to deprive the communication of the confidentiality which is one of the pillars of the privilege.” (Aetna Cas. & Sur. Co. v Certain Underwriters at Lloyd’s, London, 176 Misc 2d 605, 611 [Sup Ct, NY County 1998], citing People v Harris, 57 NY2d 335, 343 [1982].) It arises to protect the statements made by codefendants in the presence of their respective counsel when they “are mounting a common defense.” (People v Osorio, 75 NY2d 80, 85 [1989].) However, statements not made in the explicit context are not considered to be privileged. (Id.)
The “joint defense” or “common interest” privilege has its roots in criminal law. (People v Osorio; see also, Aetna Cas. & Sur. Co. v Certain Underwriters at Lloyd’s, London, supra.) It has generally been recognized and accepted in federal courts in both criminal and civil cases (see, e.g., United States v Schwimmer, 892 F2d 237 [1989]) and in criminal cases in New York. (People v Osorio, supra; People v Borcsok, 107 AD2d 42 [2d Dept 1985].) Recently, however, the concept has found favor in civil cases in trial courts in New York. (Grande Prairie Energy LLC v Alstom Power, Inc., 5 Misc 3d 1002[A], *1144 2004 NY Slip Op 51156[U] [Sup Ct, NY County 2004]; Aetna Cas. & Sur. Co. v Certain Underwriters at Lloyd’s, London, supra; Parisi v Leppard, 172 Misc 2d 951 [Sup Ct, Nassau County 1997].)
In order for the common or joint defense privilege to be applicable, the communication must necessarily involve the common defense of the parties invoking this rule. (Parisi at 955; see also, United States v Weissman, 1996 WL 737042, *9 [SD NY 1996].) That is, parties at meetings which are outside of the ambit of the rule, cannot expect their conversations to be protected as attorney-client communications.
Here, the three meetings in question involved Moore’s meeting with Goldberg and his counsel to prepare for his testimony at this hearing. Moore is a fact witness as to the issue of ownership of Ano stock based upon his business and social relationship with Yemini and Goldberg and his interactions with them. Several times in his testimony, Moore acknowledged that he had no interest in Ano or its ownership since he (his wife) had his one-third interest intact and unaffected by this court’s determination of the Ano ownership issue.
Indeed, while Moore is personally affected by Yemini’s claims against him in action No. 2, he is not a party to this claim. That he will be affected by who controls Ano, and thereby Candle-wood, is clear. However, that does not give rise to a joint or common defense for it is without question he is not a party directly interested in Ano’s ownership.
“[A]ny ‘common interest’ privilege must be limited to communication between counsel and parties with respect to legal advice in pending or reasonably anticipated litigation in which the joint consulting parties have a common legal interest.” (Aetna Cas. & Sur. Co. v Certain Underwriters at Lloyd’s, London, supra at 612.) Accordingly, business-oriented or personal communications are not covered by the “common interest” exception to the attorney-client privilege. (Id.; see also, United States v Agnello, 135 F Supp 2d 380, 382 [ED NY 2001].) Moore’s interest in the outcome of this aspect of the litigation can only be viewed as personal or business oriented.
Thus, his communications with counsel for Goldberg must be construed as not being protected by the common or joint defense exception to the attorney-client waiver rule. Put another way, neither Moore nor Goldberg who was present may invoke the *1145 common or joint defense privilege to avoid testifying as to the meetings with Goldberg and his attorneys. Anything said at those meetings by Goldberg, counsel or Moore are the proper subject of cross-examination.
Goldberg’s objection to such questioning is overruled.